Cook v. Lyon, et al.

Cook v. Lyon, *et al.*

1. EVIDENCE: COMPETENCY. A surety on the replevin bond is a competent witness for the plaintiff in replevin.

*Appeal from Des Moines District Court.*

### THURSDAY, JUNE 7.

ACTION in replevin. The plaintiff offered as a witness one William Mahaffey. Defendant objected, on the ground that the witness was a surety on the bond was filed in the action. The objection was overruled, and the witness permitted to testify, to which defendant excepted. Judgment for plaintiff, and defendant appeals.

*David Rorer* and *M. D. Browning* for the appellant.

*Starr, Phelps & Robertson* for the appellee.

LOWE, C. J.—The single question presented by the record in this case for our revision is, whether the security upon a replevin bond may be examined as a witness for the plaintiff. The court below held that he was competent. The exception to this ruling is founded upon the rules of evidence as they existed at common law, under which the objections perhaps would have been good; but as these rules are now modified by our Code, it is believed that the exception in this case was not well taken.

The tendency of the courts, as well as modern legislation, has been to enlarge the rules of the evidence, and to let many of the questions that used to affect the competency, go only to the credibility of the witness. The interest which alone under the Code disqualifies, must be a direct, certain and legal interest in the suit, all other causes which would render a witness incompetent, upon the ground of interest at common law, affect the credibility, but may be shown for the purpose of lessening that credibility. Code sections 2389, 2390.

If the judgment to be rendered shall operate directly upon the property or person of the witness, or if it shall fix upon him a present liability to pay the judgment or costs, or any part thereof, or if he shall gain or lose anything by the immediate legal effect of the judgment, then will he have such an interest as should exclude his testimony. But if the le-

gal effect and operation of the judgment is to establish a claim for or against him, which can only be reached in another action; or to create an interest in the record as an instrument of evidence in some other suit, or to create a liability over; in these and all similar cases, the interest of the witness would be too remote and circuitous under our Code, to constitute a legal ground for excluding his testimony.

In this particular case, whatever might be the judgment between the parties to the replevin suit, it could not immediately affect the interest of the security on the bond; his liability on that bond could only be reached in a subsequent suit, and then only in the event that the plaintiff should be unable to pay whatever judgment the defendant may have obtained against him. His interest therefore is not only to some extent contingent, but too indirect to render him incompetent as a witness according to our interpretation of the rules of evidence as modified by the Code.

Affirmed.